NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0990n.06

No. 11-5926

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Sep 07, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KENNETH LEBRON WYNN, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:  MARTIN, GILMAN, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  Kenneth Wynn was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Wynn appeals the district court's denial of his motion to suppress, arguing that his incriminating statements to a police officer who allegedly asked Wynn to pray with him should be suppressed because the officer's invitation to pray constituted a custodial interrogation and Wynn had not been advised of his *Miranda* rights. For the following reasons, we **AFFIRM**.

**I.**

On September 6, 2008, Officer Zachariah Bevis of the Metropolitan Nashville Police Department (MNPD) was dispatched to the Riverwood Apartments in response to reports of gun shots having been fired.  Bevis testified that, upon arriving on the scene, he saw a sergeant and another officer facing an apartment door as Wynn was exiting the apartment.  Bevis saw Wynn get

down on the ground, apparently in response to verbal commands. The sergeant then asked Bevis to take Wynn into custody. Bevis handcuffed Wynn and "handed him off" to Officer Roy Morris.

Morris took Wynn to his police car and placed him inside. Neither Bevis nor Morris advised Wynn of his rights, and neither officer questioned him. Morris testified that as he began filling out an arrest report, a car drove up behind him and a woman got out. Wynn told Morris that he wanted to talk to the woman and asked Morris to lower the backseat window, which Morris did. The woman would not speak with Wynn, and Morris noticed Wynn becoming increasingly agitated until he eventually began to yell and cry. Morris pulled the car forward between 100 and 150 feet and attempted to calm Wynn. Morris told Wynn that "it would all come out in the wash" and that "if he would just chill, everything would be all right." Morris testified that at some point, he "probably" asked Wynn to pray with him.[1]

During this interaction, Wynn made incriminating statements to Morris, including that Wynn had fired a couple of shots into the ground. Morris did not recall whether Wynn made those statements before or after the praying occurred, if it did occur. Morris testified that if he did pray

---

[1]When asked whether he at any point said to Wynn, "let's pray," Morris responded:
I may have . . . . I don't remember the specifics. I've [sic] been two years since this occurred. There have been a number of things happened since then. But I was talking to fellow officers outside about religion. I'm a very religious person. So I probably did.

(Suppression Hearing Transcript ("Tr."), PID 337.) Morris also testified that he has occasionally prayed with subjects when he felt they would be receptive to it, but that he only does so if they broach it on their own.

with Wynn, his intention was merely to calm Wynn so that he could obtain the information needed to fill out the arrest report.

Wynn was indicted on one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wynn moved to suppress evidence, including the statements he made to Officer Morris. Following a hearing, the trial court denied the motion to suppress. Ruling from the bench, the court concluded:

> As to the *Miranda* warnings, the critical element, it's got to be a custodial interrogation. Based upon the facts stated, the Court finds that the defendant's response that is cited as incriminatory was not in response to questions by police officers, but an emotional response to his girlfriend's failure to respond to him in a volatile domestic situation.
> . . .
> The Court finds, based on the proof, that Morris was performing an essentially a ministerial task in transporting the defendant to the police station, and also to prepare a written report to facilitate his transfer to the jail officials. On these circumstances, the Court finds that there is no *Miranda* violation based upon *United States v. Murphy*, 107 F.3d 1199 at Page 1204 (6th Cir. 1997).

(Tr., PID 358–59.) Wynn pleaded guilty but reserved his right to appeal the denial of his motion to suppress. After being sentenced to 180 months in prison, Wynn timely appealed.

**II.**

In reviewing a district court's denial of a motion to suppress, this Court reviews legal conclusions *de novo* and upholds factual findings unless they are clearly erroneous. *United States v. Urrieta*, 520 F.3d 569, 573 (6th Cir. 2008). A factual finding is clearly erroneous when, "after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* When a district court denies a motion to suppress, "we consider the evidence

in the light most favorable to the government." *United States v. Carter*, 378 F.3d 584, 587 (6th Cir. 2004) (internal quotation marks omitted).

A suspect in police custody must be informed of his or her constitutional rights before he or she may be interrogated. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "However, where a defendant makes a voluntary statement without being questioned or pressured by an interrogator, the statements are admissible despite the absence of *Miranda* warnings." *United States v. Murphy*, 107 F.3d 1199, 1204 (6th Cir. 1997).

The district court found that Wynn's incriminating statements were not made in response to police questioning, but in response to his being ignored by his girlfriend. Wynn argues that this factual finding is clearly erroneous because, based on the testimony presented at the suppression hearing, it is not possible to determine whether Wynn made incriminating statements before or after the point at which Morris prayed with Wynn.

Wynn assumes that the district court's conclusion is based on a finding that the praying occurred subsequent to the incriminating statements, and argues that such a finding is not supported by the record. However, the district court made no finding one way or another as to whether Wynn's incriminating statements came before or after Morris attempted to calm Wynn and invited him to pray, or even whether such prayer took place. The district court merely found that Wynn's statements were responsive to the woman outside the car and not to anything said or done by Morris. Thus, even assuming that Morris asked Wynn to pray, and that the incriminating statements were made after the prayer, those facts would not be sufficient to render clearly erroneous the district

court's finding that Wynn's incriminating statements were a voluntary, emotional response to the woman's failure to respond to him, rather than a response to the prayer itself.

Accordingly, viewing the evidence in the light most favorable to the government, we conclude that the district court did not commit clear error in finding that Wynn's statements were made in response to circumstances other than interrogation and therefore admissible despite the absence of *Miranda* warnings.

**III.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.